UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ZOE L. WATT, | ) | NO. ED CV 12-1875-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

///

///

///

---

[1] Carolyn W. Colvin, who became Acting Commissioner of Social Security as of February 14, 2013, is hereby substituted as Defendant in this matter. See Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g).

**PROCEEDINGS**

Plaintiff filed a complaint on November 1, 2012, seeking review of the Commissioner's denial of disability benefits.  The parties filed a consent to proceed before a United States Magistrate Judge on December 18, 2012.  Plaintiff filed a motion for summary judgment on May 2, 2013.  Defendant filed a cross-motion for summary judgment on July 3, 2013.  The Court has taken the motions under submission without oral argument.  <u>See</u> L.R. 7-15; "Order," filed November 2, 2012.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former receptionist, asserts disability since February 11, 2006, based on alleged physical and psychological impairments (Administrative Record ("A.R.") 39-42, 325-345).  The Administrative Law Judge ("ALJ") found Plaintiff retains the residual functional capacity to perform light work involving "moderately complex tasks," including Plaintiff's past relevant work as a receptionist (A.R. 23-28).  The Appeals Council considered additional evidence but denied review, which made the ALJ's decision the final decision of the Administration (A.R. 1-3).

The part of the ALJ's decision discussing Plaintiff's residual functional capacity contains no specific mention of the opinions of Dr. William George or Dr. Wayne Hill (A.R. 25-27).  Dr. George, Plaintiff's treating physician, opined that Plaintiff's impairments limit her in ways incompatible with the performance of substantial

gainful activity (A.R. 520-24). For example, Dr. George opined that Plaintiff's impairments likely would cause her to be absent from work more than three times per month, and a vocational expert testified that a person so limited could not perform any jobs (A.R. 68-69, 523). Dr. Hill, a state agency psychologist, opined Plaintiff is moderately mentally limited in several respects and can perform only work that is "simple in nature" (A.R. 510-12).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

Where, as here, the Appeals Council considered additional material but denied review, the additional material becomes part of the Administrative Record for purposes of the Court's analysis. See Brewes v. Commissioner, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when

reviewing the Commissioner's final decision for substantial evidence."; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

**I.     The ALJ Erred With Respect to Dr. George.**

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . . This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physician opinions). Even where the treating physician's opinions are contradicted,[2] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings

---

[2] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

4

setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); <u>see</u> <u>Rodriguez v. Bowen</u>, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

Furthermore, "[t]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.  This duty exists even when the claimant is represented by counsel." <u>Brown v. Heckler</u>, 713 F.2d 441, 443 (9th Cir. 1983). Section 404.1512(e) of 20 C.F.R. provides that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." <u>See</u> <u>Smolen v. Chater</u>, 80 F.3d at 1288 ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them.  He could also have continued the hearing to augment the record") (citations omitted).

The ALJ plainly erred in failing to mention Dr. George's opinions, and in failing to state "specific, legitimate" reasons for implicitly rejecting those opinions. <u>See</u> <u>Lingenfelter v. Astrue</u>, 504

F.3d 1028, 1038 n.10 (9th Cir. 2007) ("Of course, an ALJ cannot avoid these requirements [to state specific, legitimate reasons] by not mentioning the treating physician's opinion and making findings contrary to it."); Salvadore v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990) (implicit rejection of treating physician's opinion cannot satisfy Administration's obligation to set forth "specific, legitimate reasons").

Defendant appears to argue that the ALJ's reliance on the conflicting opinion of the non-examining medical expert suffices to justify the ALJ's implicit rejection of Dr. George's opinions. Such argument must be rejected for at least two reasons. First, the contradiction of a treating physician's opinion by another physician's opinion triggers rather than satisfies the requirements of stating "specific, legitimate reasons." See, e.g., Valentine v. Commissioner, 574 F.3d 685, 692 (9th Cir. 2009); Orn v. Astrue, 495 F.3d at 631-33; Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Second, the opinions of a non-examining physician cannot form the sole basis for rejecting the opinion of a treating physician. See, e.g., Morgan v. Commissioner, 169 F.3d 595, 602 (9th Cir. 1999) ("The opinion of a non-examining medical advisor cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining or treating physician"); Lester v. Chater, 81 F.3d at 830 ("The ALJ's primary reason for rejecting [the treating physicians'] opinions was that they conflicted with the testimony of a non-examining medical advisor. In so doing, the ALJ committed an error of law"); Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990) ("The nonexamining physicians' conclusion, with nothing more, does not constitute

substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician").

**II.   The ALJ Erred With Respect to Dr. Hill.**

Social Security Ruling ("SSR") 96-6p states that "[f]indings of fact made by state agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources. . . ." Consequently, ALJs "may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p.[3]

The ALJ erred by failing to mention the opinions of Dr. Hill when discussing Plaintiff's residual functional capacity.[4] See id.; Van Sickle v. Astrue, 385 Fed. App'x 739, 741 (ALJ erred by failing to mention the opinions of the state agency psychologist that the claimant had "moderate mental limitations" and could only work in a "low stress setting"); Bain v. Astrue, 319 Fed. App'x 543, 546 (9th Cir. Mar. 12, 2009) ("Here, the ALJ failed to discredit or incorporate the limitations enumerated by state agency consultant Frank Lahman, including that Bain was moderately limited in her ability to accept instructions and respond appropriately to criticism from supervisors

---

[3]   Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

[4]   The ALJ did briefly reference some but not all of Dr. Hill's opinions when discussing Plaintiff's failure to meet or equal the Listings (A.R. 24).

7

and moderately limited in her ability to respond appropriately to changes in the work setting. Accordingly, on remand the ALJ must address these limitations"); Hambrick v. Apfel, 1998 WL 329368, at *3 (N.D. Tex. June 11, 1998) ("The ALJ's decision does not mention the weight he gave to the state agency review physician's opinions. The court cannot determine whether the ALJ, in contravention of the purpose for SSR 96-6p, ignored the opinion.").

Contrary to Defendant's argument, the Court cannot confidently conclude that a hypothetical application of the Grids would render this error harmless. Where, as here, a claimant's non-exertional impairments significantly limit his or her range of work "the grids do not apply, and the testimony of a vocational expert is required to identify specific jobs within the claimant's abilities." Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988); see Tackett v. Apfel, 180 F.3d 1094, 1103 (9th Cir. 1999); Burkhart v. Bowen, 856 F.2d 1335, 1340-41 (9th Cir. 1988).

### III. **Remand is Appropriate.**

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).

///

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a different result herein. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman, 211 F. 3d at 1178 (citations and quotations omitted). Assuming, arguendo, the Harman holding survives the Supreme Court's decision in INS v. Ventura, 537 U.S. at 16,[5] the Harman holding does not direct a benefits award in the present case. There are outstanding issues concerning the physicians' opinions that must be resolved before a determination of disability can be made. Moreover, it is not clear that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability if Dr. George's and Dr. Hill's opinions were fully credited. See Luna v. Astrue, 623 F.3d at 1035.

///
///
///
///
///
///

---

[5] The Ninth Circuit has continued to apply Harman despite INS v. Ventura. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010); Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009); Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

**CONCLUSION**

For all of the foregoing reasons,[6] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 26, 2013.


　　　　　　　　　　　　　_____/S/_____
　　　　　　　　　　　　　　　　　　CHARLES F. EICK
　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[6] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.